IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2005

## SHAUN HOOVER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 5936    Joseph H. Walker, III, Judge**

---

**No. W2005-01921-CCA-R3-HC  - Filed December 16, 2005**

---

The State appeals the habeas corpus court's grant of a petition for habeas corpus relief filed by the Petitioner, Saun Hoover.  The Petitioner alleged in his petition that his sentence was illegal because he was sentenced as a Range I offender but ordered to serve his sentence at one hundred percent. The habeas corpus court agreed and granted the petition.  On appeal, the State contends that the habeas corpus court erred because the Petitioner knowingly and voluntarily pled guilty and agreed to this hybrid sentence.  Finding that there exists reversible error in the judgment of the habeas corpus court, we reverse this case and remand it to the habeas corpus court for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; Janet Shipman, Assistant District Attorney General, for the Appellant, State of Tennessee.

Gary F. Antrician, Somerville, Tennessee, for the Appellee, Shaun Hoover.

### OPINION
### I.  Facts

On November 29, 1999, the Petitioner pled guilty to second-degree murder, and the trial court imposed a sentence, agreed upon by the parties, of thirty-five years, as a Range I offender, to be served at one hundred percent.  The Petitioner stipulated that, had the case gone to trial, the evidence would show:

> [T]hat on Wednesday, February 12, 1997, at approximately 4:30 p.m., the victim,
> Berry Young, was on the parking lot of the H & S Market . . . waiting for a friend.

The [D]efendant came up with a sawed-off shotgun and attempted to rob the victim. The victim pulled a weapon and the [D]efendant pulled a weapon, and the [D]efendant shot the victim in the chest one time. The [D]efendant ran, [and] dropped the shotgun. The officers recovered the shotgun. The victim remained on the scene and the victim's gun was laying . . . beside him at the time that he was recovered.

. . . [T]he [D]efendant gave a statement of admission . . . that he demanded the victim's money. And when the victim pulled a gun, then that's when the [D]efendant pulled a gun; and that he stated that he shot the victim at that time. There was one gunshot wound to the chest which did result in Mr. Young's death, and the gun that the victim had was recovered by the Memphis Police Department.

The trial court conducted a voir dire of the Petitioner, and he asked him if he understood his rights and the ramifications of entering a guilty plea. The trial court said to the Petitioner:

As to the charge of murder in the first degree . . . you understand that you have been charged with murder in the first degree, and that you are pleading guilty to murder in the second degree . . . which is a Class A felony; that you are looking at thirty-five years at the Tennessee Department of Correction; that you will be sentenced as a standard Range I offender, but you will be serving one hundred percent as a violent offender.

The Petitioner indicated that he understood. The trial court then accepted the plea and sentenced the Petitioner to the agreed sentence.

In July of 2005, the Petitioner filed a petition for habeas corpus relief in which he alleged that his sentence was illegal because he was sentenced as a Range I offender, but ordered to serve his sentence at one hundred percent as a violent offender. The habeas corpus court agreed and granted the petition, finding "the thirty-five year sentence for second degree murder . . . is for [a] term in excess of the provisions of the 1989 Act. Consequently, the sentenc[e] entered by the trial court is illegal and must be set aside."

It is from this judgment of the habeas corpus court that the State now appeals.

**II. Analysis**

On appeal, the State contends that the habeas corpus court erred when it granted the Petitioner relief because a judgment reflecting a guilty plea and a hybrid sentence with a length of incarceration in one range and release eligibility percentage in another does not contravene the sentencing statute and is a legal sentence. The Petitioner relies upon McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000), for the proposition that his sentence is illegal.

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Hickman, 153 S.W.3d at 20; Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Hickman, 153 S.W.3d at 20; Passarella, 891 S.W.2d at 627; Rodney Buford v. State, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no presumption of correctness. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In Bland v. Dukes, 97 S.W.3d 133 (Tenn. Crim. App. 2002), this Court discussed in detail the issue squarely before us in the case under submission. In Bland, the petitioner pled guilty to aggravated robbery, a Class B felony, and to voluntary manslaughter, a Class C felony. Id. at 134. The trial court sentenced him to fifteen years as a Range I, standard offender for the aggravated robbery conviction and to fifteen years as a Range III, persistent offender for the voluntary manslaughter conviction. Id. The petitioner filed a petition for habeas corpus relief alleging that his sentences contravened the 1989 Sentencing Act. Id. Specifically, he contended that his sentence for aggravated robbery exceeded the maximum of twelve years in Range I for a Class B felony. Id. When addressing that contention, this Court stated:

> Our [S]upreme [C]ourt has held that offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under the Criminal Sentencing Reform Act of 1989. McConnell, 12, S.W.3d at 798; Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997). In Hicks, the petitioner pled

guilty to voluntary manslaughter, a Class C felony, and agreed to a hybrid sentence involving a Range II length of incarceration of ten years and a Range I release eligibility percentage of thirty percent. See Tenn. Code Ann. § 40-35-112(a)(3), (b)(3) (2003). He subsequently petitioned for post-conviction relief, contending that his agreed, ten-year sentence was in contravention of the 1989 Sentencing Act when coupled with his thirty percent release eligibility status. The [C]ourt concluded that such hybrid sentences were permissible under the 1989 Act and held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id.

The [petitioner] relies upon McConnell and [State v. Joseph Harvey Cutright, No. 02C01-9108-CC-00175, 1992 WL 211715 (Tenn. Aug. 31, 1992) (order)], to argue that an agreed sentence cannot exceed the maximum sentence in the range that establishes the release eligibility status. In both cases, the petitioners pled guilty and agreed to sentences under the 1982 Sentencing Act, although the 1989 Act had already taken effect. In Cutright, the petitioner was sentenced to fifty years as a Range II offender with a forty percent release eligibility status under the 1982 Act. The [S]upreme [C]ourt observed that the 1989 Act applied and that the maximum sentenced for a Range II offender under the 1989 Act was forty years, as opposed to fifty years under the 1982 Act. Id. at *1. Thus, the [C]ourt held that the agreed sentence was void and remanded the case to the trial court for correction of the sentence or withdrawal of the guilty plea. Id. at *2. In Hicks, the [S]upreme [C]ourt explained that it did not disapprove of the mixing of offender classifications and release eligibility percentages in Cutright. 945 S.W.2d at 709 n.9. Instead, it deemed the judgment facially void because the defendant was sentenced under the 1982 Act and the forty percent release eligibility status did not exist under the 1989 Act. Id.

In McConnell, the petitioner pled guilty to second degree murder, a Class A felony, and six counts of robbery with a deadly weapon, a Class B felony. He agreed to a sentence of thirty-five years as a Range I offender under the 1982 Sentencing Act for the murder, to concurrent ten-year sentences for five of the robbery counts, and to a thirty-five year sentence for the sixth robbery count to run consecutively to the murder sentence. The [C]ourt held that the trial court's jurisdiction to sentence the petitioner was limited by the 1989 Sentencing Act, which sets the perimeter within which the [S]tate and the accused can negotiate. McConnell, 12 S.W.3d at 798-99. It stated that the thirty-five-year sentences imposed pursuant to the 1982 Act exceeded the maximum twenty-five-year and twelve-year sentences for a Range I offender under the 1989 Act. Id. at 800.

The petitioner relies upon McConnell to argue that the trial court did not have jurisdiction to impose a sentence that exceeded the maximum statutory penalty for his range although he agreed to the sentence. Yet, we note that the McConnell court cited Hicks with approval and affirmed that its decision did not alter "the ability of

-4-

the State and defendants to use offender classification and release eligibility as subjects of the plea bargain negotiations." Id. at 798. In light of McConnell's affirmation of Hicks, this [C]ourt has concluded that the plea agreement in McConnell was nullified because it was expressed in terms of the 1982 Act, not because the number of years was outside the range. Mark E. Oliver v. State, M1999-02323-CCA-R3-PC, Hickman County, slip op. at 3-4, 2000 WL 1879522 (Tenn. Crim. App. Dec. 28, 2000), app. denied (Tenn. July 9, 1001); see also William Boyd v. State, E1999-021798-CCA-R3-PC, Knox County, slip op. at 4-5, 2000 WL 1661526 (Tenn. Cim. App. Nov. 6, 2000).

Bland, 97 S.W.3d at 134-35. The Bland Court then concluded that, since the petitioner negotiated his plea agreement using the terms of the 1989 Act, the "mixing of the length of incarceration and the release eligibility status is permissible under Hicks." Id. at 136. It concluded that "the petitioner's judgment reflects a guilty plea and a hybrid sentence, which do not contravene the 1989 Sentencing Act." Id.

In the case under submission, the Petitioner negotiated his plea agreement using the terms of the 1989 Sentencing Act, and he pled guilty to second degree murder, a Class A felony. In accordance with a negotiated plea agreement, the trial court sentenced the Petitioner, as a Range I offender, to a sentence of thirty-five years. This sentence exceeds the maximum within the Range, but as articulated in Bland, the State may properly use a plea bargain to negotiate a sentence for a term outside the range, if still in accordance with the 1989 Sentencing Act. Bland, 97 S.W.3d at 153. Further, in accordance with the plea agreement, the trial court ordered the Petitioner to serve his sentence as a Violent Offender, at one-hundred percent. "[T]he mixing of the length of incarceration and the release eligibility status is permissible under Hicks." Id. at 136. Again, in this manner, the Petitioner's sentence does not violate the 1989 Sentencing Act. Therefore, the habeas corpus court committed reversible error when it granted the Petitioner's petition for habeas corpus relief.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we reverse the habeas corpus court's judgment, and we remand the case for the entry of an order dismissing the Petitioner's petition for habeas corpus relief.

ROBERT W. WEDEMEYER, JUDGE